UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRUCE CURRY and KARA CURRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| NATIONSTAR MORTGAGE, LLC, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFFS' COMPLAINT

Plaintiffs, BRUCE CURRY and KARA CURRY, ("Plaintiffs") file this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of NATIONSTAR MORTGAGE, LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

1. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331 as Plaintiffs claims arise under the laws of the United States.

2. This court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Defendant conducts business in Spring Hill, Williamson County, Tennessee.

4. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiffs, are residents of Spring Hill, Williamson County, Tennessee.

6. Defendant is a limited liability company based in Lewisville, Texas.

## FACTUAL ALLEGATIONS

7. Within four (4) years of Plaintiffs filing this Complaint, Defendant called Plaintiffs' cellular telephones xxx-xxx-2715 and xxx-xxx-2408 to collect on Plaintiffs' alleged past due mortgage payments.

8. All of the telephone calls Defendant made to Plaintiff were an attempt to collect on Plaintiffs' alleged past due mortgage payments.

9. None of the calls Defendant made to Plaintiffs were for an emergency purpose.

10. In or around October 2015, Plaintiffs each requested for Defendant to stop calling Plaintiffs' cellular telephones.

11. Despite Plaintiffs' requests that Defendant stop calling Plaintiffs' cellular telephones, Defendant continued to call Plaintiffs' cellular telephones.

12. Prior to calling Plaintiffs' cellular telephones, Defendant knew the numbers were cellular telephone numbers.

13. All of the calls Defendants made to Plaintiffs' cellular telephones resulted in Plaintiffs incurring a charge for incoming calls.

14. During at least one conversation, Defendant learned that Plaintiffs wanted Defendant to stop calling Plaintiffs' cellular telephones.

15. Even if at one point Defendant had permission to call Plaintiffs' cellular telephones, Plaintiffs revoked this consent.

16. Defendant continued to call Plaintiffs' cellular telephones after Defendant knew Plaintiffs

wanted the calls to stop.

17. On several occasions, Plaintiffs have answered calls from Defendant and have been greeted by an automated message.

18. Within four (4) years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiffs' cellular telephones.

19. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiffs' cellular telephones in predictive mode.

20. Within four (4) years of Plaintiffs filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiffs on Plaintiffs' cellular telephones.

21. Within four (4) years of Plaintiffs filing this Complaint, Defendant left voicemail messages from live operators for Plaintiffs on Plaintiffs' cellular telephones.

22. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to store telephone numbers.

23. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call stored telephone numbers automatically.

24. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call stored telephone numbers without human intervention.

25. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call telephone numbers in sequential order.

26. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call telephone numbers randomly.

27. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

28. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones simultaneously calls multiple consumers.

29. While Defendant called Plaintiffs' cellular telephones, Plaintiffs' cellular telephone lines were unavailable for legitimate use during the unwanted calls.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

30. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiffs' cellular telephones using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiffs, BRUCE CURRY and KARA CURRY, respectfully request judgment be entered against Defendant, NATIONSTAR MORTGAGE, LLC, for the following:

31. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

32. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs are entitled to and request treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

33. Plaintiffs are entitled to and seek injunctive relief prohibiting such conduct in the future.

34. Any other relief that this Honorable Court deems appropriate.

                                                      RESPECTFULLY SUBMITTED,

DATED: March 21, 2017        By: /s/ William M. Kaludis
                                           William M. Kaludis
                                           BPR #17433
                                           Shield Law Group
                                           1230 2nd Ave. S.
                                           Nashville, TN 37210
                                           Tel: (615) 742-8020
                                           Fax: (615) 255-6037
                                           bill@shieldlawgroup.com